## LEONI v. UNITED STATES.

### No. 4535.

Circuit Court of Appeals, Seventh Circuit.

Dec. 5, 1931.

Edward Pree and George E. Drach, both of Springfield, Ill., and Robert W. Tunnell and Frank W. Tunnell, both of Edwardsville, Ill., for appellant.

Frank K. Lemon, U. S. Atty., of Clinton, Ill., and Marks Alexander, Asst. U. S. Atty., of Springfield, Ill.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

ALSCHULER, Circuit Judge.

The appeal is from a judgment awarding appellant eighteen months' imprisonment and $500 fine for violating the National Prohibition Act (27 USCA). The indictment has the usual counts for possession, manufacturing, nuisance, and conspiracy. Jury trial was waived.

The contention is that the evidence does not justify the finding of appellant's guilt.

It appears that appellant (a village grocer) went with Clementi to see Tegtmeier about renting three acres of Tegtmeier's farm. They told Tegtmeier that Clementi wanted it for a pasture, and, after talking it over, they left, with the understanding that, if Tegtmeier was willing to rent it, he would let appellant know —which he did. A written lease followed to one Johnson as lessee—about whose identity no one seemed to know anything—for an unspecified three acres of the farm for one year for $125. The lease form appears to be that of the ordinary farm lease, with statement thereon that "this lease is made to Wilbur Johnson to use the said 3 acres of land for Truck Farming and this lease will not be void if he uses the land for the violation of the Volstead Act or any other means of handling liquor." Immediately after the lease was made a shack was placed on a selected tract, stills of considerable capacity were installed, and the work of making alcohol actively progressed for three or four months, up to the time the officers seized the plant. Clementi, who was in charge, died before the trial.

There is no evidence that appellant actually participated in the installing of the stills or the making or handling of the product. But there is quite sufficient evidence to warrant the conclusion that he planned and conspired with Clementi to the end that the place be rented and operated by Clementi for the unlawful purpose, and, indeed, that he had some interest in it, the extent of which was not disclosed.

Tegtmeier testified that there was nothing said about what the land would be used for except for pasture. His negotiations were with appellant, whom he warned that he did not wish trouble of any kind if something was going wrong. He said that after the shack was put upon the premises he talked about it to appellant at his store, and was told by appellant that if something turned up he (Tegtmeier) "wasn't responsible for nothing." Mrs. Tegtmeier testified that, after the lease, she went to appellant, and told him she was suspicious, and asked him if they were running a still on the farm, saying that she

was scared, and that he said to her, "there will be no trouble whatsoever."

It was testified by one or more of the officers who arrested Clementi and appellant that appellant proposed to pay the officers $25 each to "fix this up and forget it, and go away." One of the federal officers said to them: "Well, suppose we fixed this up with you and you are not the boss, how do we know who we are doing business with?" Thereupon appellant and Clementi conferred, and Clementi, in appellant's presence, said: "Well, that is all right, we are running this outfit, we will take care of you, Leoni and I." It was also testified that, in the presence of the officers, Tegtmeier, speaking to appellant and Clementi, said, "You fellows got me into this, you promised if I got into trouble you would take care of me. Now it is up to you to take the rap, I am not going to."

As against this evidence appellant testified, admitting his agency in the procurement of the lease, but denied all knowledge of the intended or actual unlawful use of the premises, and stated that his interest in the matter was only because of his acquaintance with both Tegtmeier and Clementi, and that whatever suggestion he made as to payment of money to the officers was merely to convey the message from Clementi, who did not speak English well.

The evidence fairly supports the finding of guilt on the conspiracy count, which is sufficient to sustain the judgment. This conclusion finds some further support in the suspicious transaction of negotiating the agreement whereby an unidentified three acres— without buildings or even fences thereon—of a 51-acre farm were to be leased to an unknown tenant for one year for pasture or a truck farm (evidently any expressed innocent purpose would serve for the lease) at upwards of $40 an acre. We will charitably attribute to inadvertence in composition or error in transcribing the presence of the word "not" in the clause of the lease respecting use of the demised three acres for violation of the Volstead Act.

The judgment is affirmed.